**NOT FOR PUBLICATION**                                            **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW ARMSTRONG,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>        Defendants. | Civil Action No. 13-5567 (JLL)<br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendant's motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56 [Docket Entry No. 22]. To date, no timely opposition has been filed. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion to dismiss Plaintiff's Second Amended Complaint is granted. Plaintiff's Second Amended Complaint is dismissed with prejudice.

## BACKGROUND

On August 2, 2013, Plaintiff, proceeding *pro se*, filed a Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Section, seeking $1,050 in unpaid wages from the United States Postal Service. On September 19, 2013, Defendant United States Postal Service removed the matter to this Court pursuant to 28 U.S.C. 1442(a)(1), because it involves a civil action against the United States Postal Service, an agency of the United States.

The Court has dismissed, without prejudice, two prior versions of Plaintiff's complaint based on various pleading deficiencies, including but not limited to, Plaintiff's failure to meet the Rule 8(a) pleading standard.

On April 28, 2014, Plaintiff filed a Second Amended Complaint. The Court construes the Second Amended Complaint as alleging: (1) a claim for breach of the collective bargaining agreement as against the United States Postal Service, pursuant to 39 U.S.C. § 1208(b), which is the "parallel provision to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), addressing specifically claims 'for violations of contract between the Postal Service and a labor organization representing Postal Service employees,' "[1] and (2) a claim for breach of the duty of fair representation as against his union, National Association of Letter Carriers (NALC). This Court has jurisdiction over Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1331.

The Second Amended Complaint alleges, in particular, that on January 8th of some unspecified year,[2] he was handed a document by the director of Human Resources congratulating him on his appointment as Transitional Employee at the salary of $22.15 per hour. Plaintiff further alleges that he was "indeed given that job title and paid that amount until the new union contract went into effect April 10." It is further alleged that "later that month, [Plaintiff's] group met with Joseph Rutkoski, an area representative for the National Association of Letter Carriers (NALC), who told us the terms of the new pact. Mr. Rutkoski assured us that, although our job titles would be changed to City Carrier Assistant when the contract went into effect, we would not be treated like new hires, that is, paid $15 per hour, but [would rather] transition in at the

---

[1] *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 586 (3d Cir. 2005).

[2] The Complaint does not allege the year that these events occurred.

2

higher hourly rate of $16.25 since we were hired January 8th, two days before the contract's signing." (Sec. Am. Compl. at 2). Plaintiff goes on to allege that when he discovered that he wasn't receiving the anticipated hourly pay rate of $16.25 he brought the matter to the attention of his union shop steward, Raymond Longo, who indicated that he would contact the NALC area representative John Dock and ask him to refer his request to the Postal Service's district office in Edison. Plaintiff alleges that Mr. Longo later informed him that Mr. Dock's appeal on his behalf had been "curtly refused" without explanation. Finally, Plaintiff alleges that "neither Mr. Longo nor Mr. Dock informed me of my right to file a grievance under the contract—something I, as a non-career, non-union employee, could not reasonably have been expected to know—nor did the union offer any further assistance." (*Id*. at 3).

On May 27, 2014, Defendant, the United States Postal Service, filed a motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56. Defendant seeks dismissal of Plaintiff's claims on the basis that Plaintiff's failure to exhaust his administrative remedies precludes him from proceeding with the claims asserted in this matter. To date, no timely opposition has been filed by the Plaintiff.

## **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See*

3

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## DISCUSSION

The Court begins by noting that Defendant urges the Court to convert its motion to dismiss into one for summary judgment so as to allow the Court to consider documents extraneous to the Second Amended Complaint in rendering its decision. The only document that the Court would need to consider in order to thoroughly assess Defendant's arguments is a copy of the relevant collective bargaining agreement between the United States Postal Service and the National Association of Letter Carriers, AFL-CIO (2011-2016), which is attached as Exhibits A and G to the Declaration of Austin Phillips. The Court may, however, consider this document without converting Defendant's motion into one for summary judgment inasmuch as: (1) Plaintiff does not dispute its authenticity or applicability, and (2) the agreement—or "new union contract"—is not only referenced in, but is, in fact, integral to Plaintiff's Second Amended Complaint as a whole. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997) ("A 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.' ").

The Third Circuit has noted that "section 1208(b) is nearly identical to that of Labor Management Relations Act section 301; hence, other circuits have used cases interpreting section 301 to interpret section 1208(b)." *Podobnik*, 409 F.3d at 586; *see, e.g., Gibson v. U.S. Postal Serv.*, 380 F.3d 886, 889 n. 1 (5th Cir. 2004) ("Although 39 U.S.C. § 1208(b) grants federal

courts jurisdiction of disputes arising under collective bargaining agreements executed by the USPS, § 1208(b) is the analogue to section 301(a) of the Labor Management Relations Act, and the law under § 301 is fully applicable to suits brought under § 1208(b)."). "[W]here a collective bargaining agreement establishes a grievance procedure, an employee must at least attempt to exhaust such a process." *Podobnik*, 409 F.3d at 594 (citing *Vaca v. Sipes*, 386 U.S. 171, 185 (1967)). "An employer cannot be held liable for breach of a collective bargaining agreement unless it can be shown that the employee unsuccessfully sought relief through the union grievance procedure." *Id*.

Article 15, Section 2 of the operative CBA between USPS and NALC establishes a grievance procedure. (Phillips Decl., Ex. G). At "Informal Step A," "[a]ny employee who feels aggrieved must discuss the grievance with the employee's immediate supervisor within fourteen (14) days of the date on which the employee or the Union first learned or may reasonably have been expected to have learned of its cause." The Second Amended Complaint does not allege that Plaintiff ever began the grievance procedure set forth in Article 15 of the CBA by, for example, discussing the grievance with his immediate supervisor. In fact, Plaintiff concedes, in the Second Amended Complaint, that he did not attempt to utilize the established grievance process. *See* Sec. Am. Compl. at 3. To the contrary, Plaintiff maintains that "neither Mr. Longo [union shop steward] nor Mr. Dock [union area representative] informed me of my right to file a grievance under the contract—something I, as a non-career, non-union employee, could not reasonably have been expected to know—nor did the union offer any further assistance." *Id*. Thus, Plaintiff's breach of the collective bargaining agreement claim can only proceed if it falls within one of the following three exceptions to the requirement of total exhaustion: "(1) where the employer's conduct repudiates contractual remedies; (2) where use of grievance procedures

would be futile; and (3) where the union breaches its duty by wrongfully refusing to process a grievance." *Podobnik*, 409 F.3d at 594 (citing *Clayton v. Int'l Union, U.A.W.*, 451 U.S. 679, 689 (1981).  In the context of claims brought under the LMRA, this third exception, taken with the original action against the employer, is known as a hybrid § 301 claim. *See Albright v. Virtue*, 273 F.3d 564, 576 (3d Cir. 2001).

As indicated in the Second Amended Complaint, it is Plaintiff's position that the third exception listed above is applicable to his case.  *See* Sec. Am. Compl. at 2 ("That third [exception] . . . forms an important basis for my claim.").  The Court notes that Plaintiff relies on a District of Rhode Island case for the proposition that the third exception carved out by the United States Supreme Court is "where a union has breached a duty of fair representation owed to the employee." *Mills v. U.S. Postal Serv.*, 977 F. Supp. 116, 123 (D.R.I. 1997).  The *Mills* decision, however, mischaracterizes the scope of the third exception to the total exhaustion requirement.  As stated by the Third Circuit, the third recognized exception is "where the union breaches its duty ***by wrongfully refusing to process a grievance.***" *Podobnik*, 409 F.3d at 594 (emphasis added); *see Vaca v. Sipes*, 386 U.S. 171, 185 (1967) (addressing the third exception to the total exhaustion requirement and explaining that "[w]e think that another situation when the employee may seek judicial enforcement of his contractual rights arises, if . . . the union has sole power under the contract to invoke the higher stages of the grievance procedure, and if . . . the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance.").

The Second Amended Complaint does not allege—much less with sufficient factual support—that Plaintiff's union refused to process a grievance on his behalf.  To the contrary, it is Plaintiff's position that his union breached its duty of fair representation by failing to advise him

of his right to file a grievance—*not* by refusing to do so.  Generally speaking, "[a] breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Masy v. New Jersey Transit Rail Operations, Inc.,* 790 F.2d 322, 328 (3d Cir. 1986).  Although it does not appear that the Third Circuit has directly addressed the issue of whether a union's failure to notify its members of their particular rights and obligations under the CBA constitutes a breach of the union's duty of fair representation in the context of claims brought against the United States Postal Service pursuant to 39 U.S.C. § 1208(b), according to the First Circuit, "courts [in the context of hybrid § 301 claims] have ordinarily held that, while a union's failure to notify a grievant may be negligent and in poor judgment, such an omission, without anything more, does not violate a union's duty of fair representation." *Demars v. General Dynamics Corp.,* 779 F.2d 95, 98 (1st Cir. 1985); *see, e.g., Alicea v. Suffield Poultry, Inc.,* 1988 WL 412246, at * 8 (D. Mass. Oct. 17, 1988) ("[I]t would be insupportable for this court to extend the Union's duty of fair representation to include an affirmative obligation on the part of the Union to prove that they individually notified members of the Union of the particular rights and obligations under the collective bargaining agreement.").  Moreover, the Third Circuit has affirmed the dismissal of a hybrid § 301 complaint under Rule 12(b)(6) as time-barred, despite plaintiff's claim that his union failed to advise him of the limited time in which he had to file suit.  *See Myers v. AK Steel Corp.*, 156 Fed. Appx. 528, 530 (2005).

Plaintiff has given the Court no basis on which to conclude that a union breaches its duty of fair representation by failing to advise a member of his right to file a grievance, particularly in the context of claims brought against the United States Postal Service pursuant to 39 U.S.C. § 1208(b), and/or that such a breach should be construed as one of the three exceptions to the total

exhaustion requirement articulated by the Third Circuit in *Podobnik*, 409 F.3d at 594.  In the absence of any binding legal authority suggesting otherwise, the Court concludes that Plaintiff has failed to allege any facts that would allow the Court to draw the reasonable inference that any of the three exceptions to the requirement of total exhaustion of grievance remedies under a collective bargaining agreement would apply in this case.  *See Podobnik*, 409 F.3d at 594 ("Appellant does not explain why his failure to press his grievance further (by having the Step 1 Grievance Form annotated) was caused by malfeasance on the part of USPS, nor does he supply evidence demonstrating that use of the grievance procedure would have been futile or that NRLCA acted against his interests.").  This is particularly so given that there is no allegation that the information the union allegedly failed to provide to Plaintiff—information concerning Plaintiff's rights and obligations under Article 15 of the CBA—was not readily available to the Plaintiff.

     Thus, it is undisputed that: (1) the operative CBA establishes a grievance procedure, (2) Plaintiff did not attempt to utilize this grievance procedure to resolve his wage dispute with the USPS before filing this lawsuit, and (3) Plaintiff's union did not refuse to process a grievance on Plaintiff's behalf.  *See generally Podobnik*, 409 F.3d at 594.  In light of the foregoing, and in the absence of any compelling legal argument to the contrary, Plaintiff cannot sue the USPS for any alleged breach of the collective bargaining agreement, and consequently cannot sue his union for any alleged breach of the duty of fair representation.  *See generally Podobnik*, 409 F.3d at 595 ("An employer cannot be held liable for breach of a collective bargaining agreement unless it can be shown that the employee unsuccessfully sought relief through the union grievance procedure."); s*ee, e.g., Harkins v. United States Steel Corp.*, 354 Fed. Appx. 698, 703 (3d Cir. 2009) ("Harkins cannot prevail against either U.S. Steel or USW on his hybrid claim unless he

can prove both that U.S. Steel violated the collective bargaining agreement and that USW breached its duty of fair representation."). Defendant's motion to dismiss Plaintiff's Second Amended Complaint is therefore granted. Because the Court has already given Plaintiff two opportunities in which to cure the pleading deficiencies in his claim(s), and given Plaintiff's failure to oppose the instant motion, Plaintiff's Second Amended Complaint is hereby dismissed, in its entirety, *with* prejudice.

## CONCLUSION

Based on the reasons set forth above, Defendant's unopposed motion to dismiss Plaintiff's Second Amended Complaint [Docket Entry No. 22] is **granted**. The Second Amended Complaint is hereby dismissed *with* prejudice in its entirety.

An appropriate Order accompanies this Opinion.

s/ Jose L. Linares
Jose L. Linares
United States District Judge
